**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GRASS LAKE ALL SEASONS RESORT,
INC.,

               Plaintiff,                     CASE NO.  01-74386

v.                                   PAUL D. BORMAN

                                   UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA, *et. al.,*

               Defendants.

_____ /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY**
**ENFORCEMENT OF ORDER OF SALE**

Now before the Court is Plaintiff Grass Lake All Seasons Resort, Inc.'s ("Plaintiff")

motion to stay enforcement of order of sale, entered October 12, 2005, pending the appeal of this

matter to the United States Court of Appeals for the Sixth Circuit.  Having considered the entire

record, and for the reasons that follow, the Court DENIES Plaintiff's motion to stay enforcement

of order of sale.

**I.     BACKGROUND**

On November 19, 2001, Plaintiff filed a lawsuit against the United States and Jackson

County, Michigan ("Jackson County") (collectively "Defendants") seeking to quiet 150 acres of

real property ("the property").  (Docket No. 89, August 29, 2005, Opinion and Order 8).

Defendants filed a counterclaim against Plaintiff, seeking to foreclose federal tax liens on, and

sell, the property, free of any right, title and interest of Plaintiff.  (*Id*.).  Plaintiff filed a summary

judgment motion on January 5, 2004.  (*Id*. at 9).  Defendants filed a motion for summary

judgment on its counterclaim on April 16, 2004.  (*Id*.).  On August 29, 2005, this Court denied

Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment.  This Court ruled that the federal tax liens "have attached to [the property] such that the property should be foreclosed and sold."  (*Id*. at 29).  This Court ordered the property be sold in its Entry of Judgment on September 19, 2005, (Docket No. 91, Entry of Judgment 2), and then entered an Order of Sale detailing the procedures for sale of the property.  (Docket No. 93, October 10, 2005, Order of Sale).   Plaintiff filed a Notice of Appeal of the Court's August 29, 2005 Opinion and Order, as well as the Court's Entry of Judgement and Order for Sale.

On November 17, 2005, Plaintiff filed a Motion to Stay the Enforcement of the Order of Sale.  Defendants filed their Response on November 30, 2005.

Plaintiff argues that it is likely to succeed on appeal because Defendants failed to give notice to it as an unrepresented party.  Plaintiff claims that Order for Sale was entered in contravention of due process because the Clerk never mailed the motion or order and no proof of service was contained in the record.  (Pl.'s Br. 4).  Plaintiff asserts that it will be irreparably harmed absent the entry of a stay because the Plaintiff will permanently forfeit its ownership of the property even if successful on appeal.  (*Id*.).  Plaintiff also contends that no party will be harmed by the entry of a stay and there is no benefit to the public from an immediate sale of the property.  (*Id*. at 5).

Defendants argue that Plaintiff is not likely to prevail on appeal.  (Def.'s Resp. 3). Defendants aver that cursory arguments by Plaintiff do not meet the necessary burden.  (*Id*.). Defendants claim that Plaintiff will not suffer an irreparably injury if the stay is granted because the financial loss is to an artificial entity of an investment.  (*Id*. at 7).  Defendants further assert that additional delay of the sale will deprive it and the county in which the property sits of

revenue to which they are entitled.  According to Defendant, the public's interest is in enforcement of revenue laws.  (*Id*. at 8).

## II.    ANALYSIS

### a.    Standard

The Court has the authority to stay the enforcement of its orders pending review by the Court of Appeals.  FED. R. CIV. P. 62.  When considering a motion for a stay pending an appeal, the court should consider "(1) whether the stay applicant has made a strong showing that he is likely to prevail on the merits, (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party's interest in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The four factors are interrelated and must be balanced together.  *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrogi*, 945 F.2d 150,153 (6th Cir. 1991).  A party seeking a stay "must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist."  *Id*. at 154.

> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay.  Simply stated, more of one excuses less of the other.  This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere 'possibility' of success on the merits.  For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'

*Id*. at 153-54.

### b.    Discussion

3

       1.     *Likelihood of Success*

This Court's Opinion and Order on August 29, 2005, fully analyzed the issues presented in Plaintiff's Motion to Stay.  The Opinion cited and discussed numerous depositions and documentary exhibits.  The Court's determination that Plaintiff was the alter ego of All Seasons Resorts is supported by overwhelming evidence.  Plaintiff's arguments of legal error by this Court are not likely to prevail on the merits and do not justify a stay.  In addition, the Order for Sale is not a dispositive order and only implements this Court's prior opinion granting summary judgment on the government's foreclosure counterclaim.

Plaintiff is a corporation and was not represented by counsel at the time that Defendants' motion was filed.  This Court previously granted the withdrawal of Plaintiff's counsel and required Plaintiff to obtain new counsel and advise the Court of the identity of new counsel within sixty days, by June 19, 2005.  Plaintiff failed to comply with that Order and on August 24, 2005, this Court ordered Plaintiff to show cause for failure to comply with the August 19, 2005 Order.  Plaintiff failed to show cause.

A corporation can only appear in court through an attorney.  *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993).  Because Plaintiff was not represented by counsel at the time Defendants sought entry of the Order for Sale, any written notice that Defendants might have sent to a representative for Plaintiff would have lacked legal significance.  As a result of Plaintiff's failure to comply with this Court's orders, Plaintiff cannot complain of a lack of notice.  Further, Plaintiff could not have contested the entry of the Order for Sale even if it had received the requested notice because Plaintiff did not identify which aspects of the Order for Sale that it believed to be improper.  Accordingly, Plaintiff has failed to demonstrate a likelihood

of success on the merits.

### 2. *Irreparable Injury*

Plaintiff has not demonstrated that it will suffer irreparable injury if the Court does not grant the stay.  The property at issue is commercial property and Plaintiff is a corporation, not an individual.  A loss by Plaintiff would, at most, result in financial loss to an artificial entity. Additionally, there is no evidence provided to support the assumption that the eventual sale price would be below the full and fair market value of the property.

Moreover, Plaintiff could have prevented the sale of the property by filling a supersedeas bond in an amount equal to the property value.  FED. R. CIV. P. 62(d).  Plaintiff did not post a such a bond.  Plaintiff also has not claimed that it lacks the financial ability to post the bond. Accordingly, Plaintiff has failed to demonstrate irreparable harm.

### 3. *Substantial Injury to the Other Party's Interest*

The Court finds that the stay would substantially injure the Defendants in this action. Defendant Jackson County has been seeking the sale of the property to satisfy unpaid local real estate taxes for ten years and additional delays will deprive it of revenue to which it has been entitled to over that period of time.  If the sale is delayed, the United States will be deprived of federal tax revenue.  Further, if the stay is granted, the local real estate taxes will continue to accrue which would diminish any  recovery obtained by United States.  Accordingly, a stay would substantially injure the Defendants.

### 4. *Public Interest*

The Court finds that the public has a significant interest in fully enforcing revenue laws. Accordingly, the public interest supports the Court's denial of the stay.

5

**III.     CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's Motion to Stay Enforcement

of Order of Sale.

**SO ORDERED.**


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
December 15, 2005.


s/Jonie Parker
Case Manager

6